(No. 3977— ▬▬▬▬▬▬▬▬

BOARD OF EDUCATION OF SCHOOL DISTRICT No. 129 WINNEBAGO COUNTY, ILLINOIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

THOMAS and DAVIS, for claimant.

GEORGE F. BARRETT, Attorney General and C.

ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

Claimant, Board of Education of School District No. 129, Winnebago County, Illinois, filed its claim on August 26, 1946.

Claimant seeks to recover from respondent the sum of $900.38 under the authority of paragraph A-1, Section 234¾, Chapter 122, Illinois Revised Statutes 1943, which provides for State contributions to School Districts which have pupils who are children of parents or guardians employed in military encampments owned or used by the State or Federal Government or a United States Veterans Hospital, etc.

By stipulation, the record in this case consists of the complaint together with the exhibits attached thereto, and the report of the Office of the Superintendent of Public Instruction of the State of Illinois dated January 16, 1947 which has been filed in this case, and the stipulation.

The complaint alleges, and contains as a part thereof, photostatic copy of a petition filed by claimant for a

Writ of Mandamus in the Circuit Court of Winnebago County, Illinois, case No. 52263, wherein in Count 1 petitioner prayed for an order on the defendant, Vernon L. Nickell, as Superintendent of Public Instruction of the State of Illinois, commanding him in the due course of administration of the affairs of his office, to prepare and certify to the Auditor of Public Accounts of the State of Illinois, the tuition claims of said petitioner for the school year ending June 30, 1944, or to amend the claim for tuition of School District No. 129, Winnebago County, Illinois, as heretofore certified to said Auditor of Public Accounts of the State of Illinois, in accordance with the terms and provisions of the Statutes of the State of Illinois, said claim to be certified in the sum of $1,470.00. It also contained a prayer that the Court order the defendant, Arthur C. Lueder, as Auditor of Public Accounts of the State of Illinois, commanding him in the due course of administration of the affairs of his office, to permit the Superintendent of Public Instruction of the State of Illinois to prepare and certify to him the tuition claim of School District No. 129, Winnebago County, Illinois, for the school year ending June 30, 1944, or to amend the tuition claim of said School District heretofore certified to him, all in accordance with the terms and provisions of the Statutes of the State of Illinois, said claim to be certified in the sum of $1,470.00; and, wherein in Count II of the same petition, the same prayers were set forth except that the amount was $900.38 and for the school year ending June 30, 1943. The petition was later amended and Count II stricken from the petition. Subsequently, on April 16, 1945, an order was entered by the Court in said proceedings substantially allowing the prayer of the petition as contained in Count I.

The complaint filed herein also alleges that the funds

for the sum of $900.38 for tuition due the said School District for the school year ending June 1943 could not be reached by court order in the action for a Writ of Mandamus unless and until there had been made a re-computation of the claims of all school districts within the State of Illinois, which districts exceed 13,000 in number; that such recomputation would have caused a delay in the payment of tuition claims to school districts and would have worked irreparable injury to all such districts, and similarly, would have imposed undue hardship upon the Auditor of Public Accounts of the State of Illinois in the performance by him of the regular functions of his office. That since June 1943 the school appropriations for the State of Illinois, for that year, have either been used, or have lapsed, and funds which would have been available for disbursement under order of Court, were not then available by reason of the provisions of Ch. 127, par. 161, 163, Ill. Rev. Stats., 1945, which provides:

"161. For what period appropriation available. When an appropriation shall be made without restriction as to the time of its use, it shall be available for expenditure for the purposes and to the amount therein stated, from the date that the act becomes effective to and including the thirtieth day of June of the year in which the next General Assembly shall convene;"

"163. Warrants may issue until what time. In payment of contracts made and liabilities incurred within the times specified in this Act, warrants may issue at any time until the expiration of the first fiscal quarter after the adjournment of the General Assembly held next after that at which the appropriation was made;"

and that by reason of the foregoing, claimant was deprived of adequate remedy by way of proceedings in mandamus, and therefore brought this, its claim, before the Court of Claims of the State of Illinois.

The record contains a report from the Superintendent of Public Instruction of the State of Illinois con-

curring to the facts as alleged, and further states "The amount asked by the District has not been paid and it appears that the plaintiff is entitled to the sum of money which has been asked for."

Through the mandamus proceedings filed in the Circuit Court of Winnebago County, Illinois, claimant obtained relief for the school year ending June 30, 1944. The facts are the same with respect to the school year ending June 30, 1943, and claimant dismissed its mandamus proceedings affecting this school year for the reason that it would have required a recomputation of the claims of over 13,000 school districts in the State of Illinois. This would have caused unreasonable delay in the payment of such tuition claims, and would have required considerable administrative detail work to make such a recomputation. From the record, claimant is entitled to an award for the sum of money claimed.

An award is therefore entered in favor of the Board of Education of School District No. 129, Winnebago County, Illinois, in the sum of $900.38.

PAUL F. JONES, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General for respondent.